WM. J. BROWN, Respondent, v. JOEL McDANIEL, Appellant.

**St. Louis Court of Appeals. Submitted on Briefs April 26, 1909 Opinion filed June 22, 1909.**

1. **TRIAL PRACTICE: Rule Excluding Witness from Court-room.** Where the court made an order requiring witnesses to remain away from the courtroom while the other witnesses were testifying, and several witnesses for defendant, through failure to understand such order, failed to obey it, it was error for the court to refuse to permit such witnesses to testify.

2. ————: ————: **Enforcement of Rule Rests with Court.** The enforcement of such an order rests entirely with the court itself, through its own ministerial officers.

Appeal from Franklin Circuit Court.—*Hon. Robt. S. Ryors,* Judge.

REVERSED AND REMANDED.

*James Booth* and *O. E. Meyerseick* for appellant.

(1) The court erred in excluding the testimony of witnesses offered by defendant to prove plaintiff's admissions against his interest. This was original evidence. Neither defendant or his counsel was to blame for witnesses violating the order of court. 2 Elliott's Gen'l Practice, p. 696; O'Bryan v. Allen, 95 Mo. 68.

*Jesse H. Schaper* for respondent.

REYNOLDS, P. J.—This action was commenced before a justice of the peace on an account for work and labor done, under contract by plaintiff with defendant to dig a well on the premises of defendant. Plaintiff introduced his evidence and rested. Defendant, in support of the issues on his part, introduced a witness who, after being sworn, was asked by counsel for plaintiff whether he was in the courtroom while the testimony was being taken. He answered that he had been.

Brown v. McDaniel.

Counsel for plaintiff thereupon objected to his testi-fying, on the ground that he was disqualified in not having complied with the order of the court made in regard to witnesses remaining out of the courtroom. The court asked the witness why he had not gone out. Witness said that he did not know that the court wanted the witnesses for the defendant to go out, and that he had been in the courtroom during the whole of the trial; did not know that he was ordered to go out; that there was some question asked if it was defendant's witnesses that should go. Whereupon the court re-marked that it had called the attention of counsel to the matter when the order was given and was of the opinion that counsel was asked to use diligence to keep the witnesses out. Counsel for defendant replied that all the diligence he could use was to see them, but that he was sitting at the counsel table with his back to the witnesses and in addition to that. he did not know the witnesses of his client. Whereupon the court said, "It is clear now that the witness did not seem to un-derstand the order of the court." Counsel for defend-ant remarked that he did not know the witness was back there; to which the court replied that it was the duty of counsel to see to that; that by counsel's own conduct the court thought he had permitted his wit-nesses to remain in the courtroom. Counsel replied that if he had seen the witnesses he would not have known them. Whereupon the court said that he had called attention to the fact that some of the witnesses were not going out, and that it was the duty of counsel to see that the order was complied with. The court there-upon ruled that this witness should not be allowed to testify. This same thing occurred in reference to five or six other witnesses produced by the defendant, in fact, all of his witnesses, so that the only testimony introduced and given at the trial by the defendant was his own. The offer of counsel, as to what he expected to prove by these witnesses whose testimony was ex-

cluded, shows that it was material and covered all of defendant's case and, if true, tended to confirm the defendant's version of the contract between himself and plaintiff as to the digging of the well.

While very wide latitude of discretion is committed to the trial judge, in matters of this kind, pertaining to the conduct of the trial, the extent of that discretion in this matter of exclusion of testimony has been expressly passed on, as we think, in very much such manner as exercised in the case at bar. Judge NAPTON, in Keith v. Wilson, 6 Mo. 435, at page 441, passing on the discretion which might be exercised by the court in the exclusion of witnesses, while admitting that it was very much a matter in the discretion of the trial court, held that the circumstances which must control this discretion are well settled; that if it appears that the witness has disobeyed the order of the court as to absence from the courtroom, by the consent or procurement of the party, the court may very properly exclude him from testifying as a witness. "In some cases," says Judge NAPTON, "where the witness has been contumacious and purposely transgressed the order, this circumstance has been held sufficient to justify the court in excluding him. "But," says the judge, "I have seen no case in which it appeared that the disobedience of the witness was owing to his misapprehension of the object or nature of the order, and where neither the party or his counsel were privy to such disobedience, in which the court has been held warranted in excluding the witness. Indeed, if such an inflexible rule did exist in any of the courts of this country, it might well be questioned whether it would not be sounder policy to sacrifice the practice altogether, rather than endanger more vital principles than can be involved in the blind adhesion to a rule of court, however reasonable and right in ordinary cases." This case is cited in O'Bryan v. Allen, 95 Mo. 68, and Judge BLACK, who delivered the opinion in the case, after quoting

2 Best on Evid. (Morgan's Notes), sec. 636, that, "A witness who disobeys such an order is guilty of contempt; but the judge cannot refuse to hear his evidence, although the circumstance is matter of remark to the jury," concludes that any other rule would put it in the power of a hostile witness to deprive a party of his evidence; "that the better rule is, that it is reversible error to exclude a witness who has disobeyed the order, unless the party or his attorney, calling the witness, has been party or privy to the violation of the order." These were great jurists. Their decisions are not to be lightly brushed away.

Under the facts in this case we cannot see that the witnesses themselves remained in the courtroom in any contumacious spirit or from any other cause than misapprehension of, or failure to understand, the order of the court. Nor can we say that counsel for defendant is chargeable with anything more serious than a want of diligence in seeing to the execution of the order of the court. Nor do we hold that counsel was chargeable even with that, our understanding being that the enforcement of its orders is entirely with the court itself, through its own ministerial officers, the sheriff and his deputies or the court bailiff. In the absence of any showing whatever that the attorneys for the defendant were chargeable with anything more than neglect to personally attend to the execution of the order of the court, we are compelled to say that the learned judge, in excluding the witnesses offered from testifying for the reasons stated by him, exceeded the discretionary power of the court. As reluctant as we are to interfere with the exercise of judicial discretion, we are compelled to do so in this instance.

The judgment of the circuit court of Franklin county is reversed and the cause remanded. All concur.