THE STATE v. IRVIS COMPTON, Appellant.—296 S. W. 137.

Division Two, June 23, 1927.

1. **WITNESSES: No Indorsement.** If the defendant wishes to object to witnesses testifying for the State whose names are not indorsed on the information, he should demand a reasonable time to meet their objectionable testimony before the jury is sworn, when apprised of the State's intention to call them, and in the absence of an application of this nature, or of one of surprise or prejudice, it cannot be ruled that the trial court erred in permitting such witnesses to testify.

2. ————: **Exclusion from Court Room: Disobedience.** A party cannot be deprived of the testimony of witnesses who have disobeyed an order of the court instructing them not to remain in the courtroom or within the hearing of the court during the trial, in the absence of laches or connivance of the party entitled to their testimony. The remedy in such case is to punish the witnesses for contempt, but not to penalize the party whose witnesses they are for their disobedient conduct unless he is a culpable participant in their disregard of the instruction.

---

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 2123, p. 841, n. 1; Section 2128, p. 844, n. 47; 17 C. J., Section 3329, p. 51, n. 64; Section 3585, p. 246, n. 77. **Rape,** 33 Cyc., p. 1497, n. 86.

Appeal from Douglas Circuit Court.—*Hon. E. P. Dorris,* Judge.

AFFIRMED.

*North T. Gentry,* Attorney-General, and *A. B. Lovan,* Assistant Attorney-General, for respondent.

(1) There is no error in this record; the instructions properly and fully cover the law. The evidence was properly admitted and is sufficient. There is not a single assignment in the motion for a new trial that is definite enough to require consideration by this court. Sec. 4079, Laws 1925, p. 198; State v. Standifer, 289 S. W. 856. (2) The court did not err in permitting the plaintiff to use witnesses whose names had not been endorsed upon the information. The court did not err in permitting witnesses to testify for the plaintiff who had remained within the court room and within the hearing of the court, while the rule for the exclusion of the witnesses had been asked for and declared and after the court had instructed the witnesses not to remain within the court room nor within the hearing of the court during the trial. The matters complained of were not preserved in the bill of exceptions. This court will not review the acts of trial

courts upon unsupported allegations in motion for new trial. State v. Jewell, 90 Mo. 467; State v. Foster, 115 Mo. 451.

WALKER, J.—The appellant was charged by information in the Circuit Court of Taney County with statutory rape, under Section 3247, Revised Statutes 1919, as amended, Laws 1921, page 284a. Upon a trial to a jury in Douglas County where the case was transferred by change of venue, he was convicted and sentenced to two years' imprisonment in the penitentiary. From this judgment he appeals.

The prosecuting witness was a girl fourteen years of age. Her testimony as to the commission of the offense by the appellant is corroborated by the girl's step-father, who came upon the scene just as the appellant was committing the assault. He denies his guilt and says that he fled from the scene upon the approach of the step-father because he feared the latter would kill him. The next day he went to Oklahoma, where he was subsequently arrested and brought back for trial.

I.   There is no merit in the contention that the verdict is against the weight of the evidence. Not only was the prosecuting witness corroborated by the testimony of her step-father, an eye-witness **Sufficient** ness to the crime, but by the conduct of the appellant in **Evidence.** hurrying away from the scene and by his flight to another State the day succeeding that of the assault.

II.   The motion for a new trial does not sufficiently preserve the objections to the admission and rejection of testimony, and these assignments are not for review.

III.   It is contended that the court erred in permitting witnesses for the State to testify, whose names had not been endorsed on the information. This alleged error is only sought to be preserved for review in the motion for a new trial. The earlier ruling **Witnesses.** upon this objection in the courts of appeals was that to entitle it to a review the record must show that a motion to quash the indictment or information on this account had been filed. [State v. Davidson, 44 Mo. App. 513; State v. Heinze, 45 Mo. App. 403; State v. Leach, 193 S. W. 916.] The later Supreme Court cases hold that if a defendant desires to raise this question he should demand a reasonable time to meet the testimony of the objectionable witnesses before the jury is sworn, when apprised of the State's intention to call them. In the absence, therefore, of any application of this nature or of one of surprise or prejudice this contention must be overruled. [State v. Millsap, 310 Mo. l. c. 516, 276 S. W. 625, and cases; State v. Lawson, 239 Mo. l. c. 598, 145 S. W. 92, and cases.]

IV. It is further contended that the court erred in permitting witnesses to testify for the plaintiff who had remained in the court-room and within the hearing of the court after the order **Exclusion** for the exclusion of the witnesses had been asked for **of Witnesses.** and granted, and the court had instructed the witnesses not to remain in the courtroom, nor within the hearing of the court during the trial.

It was early held in this State that the putting of witnesses under the rule, i. e., excluding them from the courtroom during the progress of the trial, rests in the sound discretion of the court; and that this discretion will not be interfered with in the absence of an abuse thereof. [King v. State, 1 Mo. 717.] A witness cannot, by disobeying the order, deprive a party of his testimony in the absence of laches or connivance of the party entitled to his testimony. [Keith v. Wilson, 6 Mo. 435.] In short, the offending witness may be punished for contempt, but the party whose witness he is will not be penalized by his conduct unless he himself be guilty of *particeps culpae.* [State v. Sloan, 186 S. W. (Mo.) 1002.] There is nothing in this record to indicate error in permitting any witnesses from testifying who may have been excluded from the courtroom. We therefore overrule this contention.

In the absence of prejudicial error the judgment is affirmed. All concur.