STATE of Missouri, Respondent,

v.

Margaret Irene LORD, Appellant.

No. 44992.

Supreme Court of Missouri.

Division No. 2.

Feb. 13, 1956.

Grace S. Day, St. Joseph, for appellant.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for repondent.

STOCKARD, Commissioner.

Defendant Margaret Irene Lord was found guilty of grand larceny and her punishment assessed by the jury at imprisonment in the penitentiary for two years. From the ensuing judgment and sentence she has appealed.

On August 19, 1954, about 11:30 a. m., defendant and a companion entered the Red Clock Tavern in Buchanan County, Missouri. Ruby Moore and Fannie May Curry, the owners of the tavern, and defendant and her companion were the only persons present. A short time earlier Ruby Moore had counted the money in her purse, which was more than $226, and had then left the purse on one of the tables. After defendant had been in the tavern a few minutes she asked how to reach the rest room, and following directions, she left the tavern. Shortly thereafter the attendant of a nearby filling station brought Ruby Moore's purse to her and told her he had found it in the rest room. The purse then contained only three silver dollars and some small change. Ruby Moore located defendant in a nearby liquor store and she was arrested by a member of the Missouri State Highway Patrol. During the trial, defendant's purse and the contents thereof were admitted in evidence and Ruby Moore identified the money taken from defendant's purse as the money she had counted and placed in her purse a short time before

defendant entered the tavern. In addition, there was admitted in evidence a pink slip of paper found in the purse of defendant on which there was written a number. Ruby Moore identified this slip of paper as the one that was in her purse with her money, and it was otherwise established that the number written thereon was the number of a prescription issued by a doctor for Ruby Moore's mother and filled at one of the local drug stores.

■■■■ Defendant filed a motion for a judgment of acquittal and assigns as error the overruling of this motion. When we accept as true the evidence offered by the State and when we take into consideration the favorable inferences to be drawn therefrom, as we are required to do in determining whether the court erred in denying this motion, State v. McBrayer, Mo.Sup., 269 S.W.2d 756 [2]; State v. Sheard, Mo. Sup., 276 S.W.2d 196 [7]; it is clear that the State's evidence was sufficient and substantial to support a verdict that defendant was guilty of the crime charged. The court did not err in refusing to enter a judgment of acquittal.

■■■■ Defendant also assigns as error the refusal of the court to grant a continuance and to appoint additional defense counsel. The record shows that in a previous trial, which had resulted in a hung jury, defendant was represented by two court appointed attorneys, one of which was the attorney representing defendant in the present trial. Subsequent to the first trial, the other attorney became a magistrate judge and was ineligible to participate in the defense of defendant on the second trial. Art. V, Section 24, Const. of Mo. 1945, 2 V.A.M.S. Section 545.820 RSMo 1949, V.A.M.S., authorizes and directs the trial court to assign defense counsel "not exceeding two" when the defendant is without counsel of his own choice and is unable to employ counsel. See also 42 V.A. M.S. Supreme Court Rule 29.01. But there is no requirement that a person charged with a crime be provided with more than one defense attorney. Whether the court should appoint one or two attorneys to represent a person charged with a crime is a matter within the sound discretion of the trial court. In this case the request for the appointment of additional counsel was not made until the morning of the trial, although it was known or should have been known for over three months that co-counsel in the first trial could not participate in the second trial. The trial court was acquainted with the experience and ability of the defense counsel, and it knew that defendant's counsel in the present trial was familiar with the case by reason of having participated in the first trial. The record does not disclose that the trial court abused its discretion in refusing at the time requested to grant a continuance and to appoint additional defense counsel.

■■■■ One of the assignments in defendant's motion for new trial is that "the court erred in admitting evidence which was obtained by unlawful search and seizure, over the objections of defendant." This assignment does not "set forth in detail and with particularity * * * the specific grounds or causes" for the alleged error, and the statement that the evidence was obtained by unlawful search and seizure is a mere conclusion and preserves nothing for review. Section 547.030, RSMo 1949, V.A.M.S.; Supreme Court Rule 27.20; State v. Eison, Mo.Sup., 271 S.W.2d 571 [1]; State v. Humphries, 350 Mo. 938, 169 S.W.2d 350 [7]; State v. Kimbrough, 350 Mo. 609, 166 S.W.2d 1077 [1]. When error is asserted in a motion for new trial concerning the admission of evidence, the evidence complained of must be substantially stated or identified, and the reasons why it is claimed to have been inadmissible must be assigned, at least with sufficient particularity to inform the trial court of the merits of the assignment. State v. Kimbrough, supra. However, in any event, defendant cannot complain on this appeal concerning the admission in evidence of the items taken from her purse. Whether evidence has been unlawfully seized is a question properly to be determined on a motion to suppress evidence. State v. Owens, 302 Mo. 348, 259 S.W. 100, 32 A.L.R. 383; State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878 [14].

Before the commencement of the trial defendant filed such a motion and it was overruled, but in her motion for new trial she does not assign as error the overruling of the motion to suppress evidence. Therefore, the correctness of the ruling of the trial court in overruling that motion is not before us. State v. Proctor, Mo.Sup., 269 S.W.2d 624 [11]; State v. Hinojosa, Mo. Sup., 242 S.W.2d 1 [24]. At the time the articles taken from her purse were offered in evidence defendant did not enter an objection for the reason that they were unlawfully obtained, although an objection for an entirely different and unrelated reason was made, and therefore, assuming that she was entitled during the trial to make a collateral attack against the previous ruling on the motion to suppress evidence (but see State v. Windsor, Mo.App., 289 S.W. 663), she cannot, now on appeal, assert that the trial court erred in admitting evidence for reasons not assigned and different from those that were assigned before the trial court. Supreme Court Rule 27.20; State v. Smith, Mo.Sup., 261 S.W. 2d 50 [10].

■ Defendant objected to the admission in evidence of those articles claimed to have been the property of Ruby Moore and Fannie May Curry, and which were taken from defendant's purse immediately after her arrest, for the reason that there had not been proper identification, and because it had not been shown who had the care, custody and control of the articles. Ruby Moore identified all the articles as those which were in her purse just prior to the time defendant came in the tavern. They were also identified by other witnesses as those items which were taken from the purse of defendant shortly after she was arrested. The person who was prosecuting attorney at the time the articles were received from the highway patrolman testified that they were marked by a person in his office and locked up in a safe. This assignment is without merit.

■ Defendant also complained in her motion for new trial with reference to the proof offered in support of the previous conviction charged in the information and of comments made with reference thereto. However, the jury, as evidenced by the verdict, disregarded the previous conviction, and therefore, the questions raised were eliminated from the case. State v. Nolan, Mo.Sup., 171 S.W.2d 653 [4].

There is no merit to the contention that the court erred in permitting State's witness John Downs to testify for the reason that he entered the courtroom after the order for the exclusion of witnesses had been requested and granted. John Downs was the prosecuting attorney at the time defendant was arrested, but was not prosecuting attorney at the time of trial. During the late afternoon of the first day of the trial Mr. Downs returned to St. Joseph, and learning that he was wanted by the prosecuting attorney as a witness, went to the courthouse, "stepped inside of the door and caught Mr. Worrel's eye," (apparently someone assisting the prosecuting attorney) and held up his finger "so that he would know that I was here" and then left the courtroom. He stated that he heard none of the testimony.

■ The practice of putting witnesses under the rule, that is, excluding them from the courtroom during the progress of the trial, rests in the sound discretion of the court. State v. Hamilton, 340 Mo. 768, 102 S.W.2d 642 [20]; State v. Jackson, 336 Mo. 1069, 83 S.W.2d 87 [4], 103 A.L.R. 339. A witness cannot, by disobeying the order, deprive a party of his testimony, in the absence of "laches or connivance of the party entitled to his testimony", State v. Compton, 317 Mo. 475, 296 S.W. 137, 138 [4]; and whether a witness who has violated the rule should be permitted to testify is within the sound discretion of the court. State v. Farrar, Mo.Sup., 285 S.W. 1000 [13]; State v. Tummons, Mo.Sup., 34 S.W.2d 122 [3]; State v. King, 342 Mo. 975, 119 S.W. 2d 277 [13]. There is nothing in the record to indicate that under the circumstances the trial court abused its discretion in permitting John Downs to testify.

Defendant's assignment in the motion for new trial that "the court erred in giving each and every instruction given by the court as to the law and evidence of said case" is too general to preserve anything for review. Section 547.030, RSMo 1949, V.A.M.S.; Supreme Court Rule 27.20; State v. Shriver, Mo.Sup., 275 S.W.2d 304 [6]; State v. Reese, 364 Mo. 1221, 274 S.W. 2d 304 [8]; State v. Tebbe, Mo.App., 249 S.W.2d 172 [3]. And the attempt to implement this assignment in the brief by asserting that three of the instructions were prejudicial because "the court starts out by giving the guilty instructions first and the not guilty instructions last" is of no merit even if this reason had been properly set out in the motion for new trial. Also, the assignment of error in the brief that "the court erred in permitting the state to inject to the jury that the burden of proof was upon appellant, thereby causing the verdict rendered under influence of passion and prejudice" cannot be considered because we find no such assignment of error in the motion for new trial. Reasons urged in a brief not assigned in a motion for new trial are of no avail. State v. Davis, Mo. Sup., 251 S.W.2d 610 [5]; State v. Hampton, Mo.Sup., 275 S.W.2d 356 [8].

We do not find that the trial court erred in refusing to give cautionary instruction on the credibility of witnesses. The giving of such an instruction regarding the testimony of witnesses is largely within the discretion of the trial court, and it must be based upon the evidence. State v. Douglas, 312 Mo. 373, 278 S.W. 1016 [28]; State v. Abbott, MoSup., 245 S.W.2d 876; Annotations, 90 A.L.R. 74; 4 A.L.R.2d 1077. In this case defendant called only one witness, Fannie May Curry, a victim of the larceny. Her testimony corroborated the evidence of the State, and there was no conflict on any material issue. The trial court did not abuse its discretion in this matter. State v. Swisher, 364 Mo. 157, 260 S.W.2d 6 [18]; State v. Hart, 331 Mo. 650, 56 S.W.2d 592 [5]; State v. Miller, Mo.Sup., 292 S.W. 440 [3].

The last assignment is that the court erred in failing to arraign defendant on the amended information, and it is true that the transcript does not affirmatively show an arraignment. However, Supreme Court Rule 25.04 provides in part that "If a defendant is tried as if he had been arraigned and entered a plea of not guilty, the failure of the record to show arraignment and the entry of such plea shall not constitute reversible error." There is no merit to this assignment. State v. Sheard, Mo.Sup., 276 S.W.2d 196 [15].

Other grounds for exception in defendant's motion for new trial were not presented in her brief filed here, and are therefore deemed waived or abandoned. Supreme Court Rule 28.02; State v. Hayzlett, Mo.Sup., 265 S.W.2d 321 [1]; State v. Kelly, Mo.Sup., 258 S.W.2d 611 [2].

We find no error, and the judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.