STATE of Missouri, Respondent,

v.

Bobby Dale SHAY, Appellant.

No. 47416.

Supreme Court of Missouri,

Division No. 2.

Oct. 10, 1960.

Motion for Rehearing or to Transfer to Court en Banc Denied Nov. 14, 1960.

**800**

Robert E. Yocom, Anderson, for appellant.

John M. Dalton, Atty. Gen., J. Burleigh Arnold, Asst. Atty. Gen., for respondent.

EAGER, Judge.

Defendant was charged by information in Greene County with forcible rape. On change of venue to Christian County he was tried, found guilty, and his punishment assessed at thirty-five years in the penitentiary. In substance, his defense was consent, and he testified that he had had intercourse with the prosecutrix on two prior occasions. Under the present circumstances, it will not be necessary to digest the evidence.

Several points are briefed, but a discussion of one will suffice. The other specific errors complained of will presumably not occur upon a retrial, and since we are reversing and remanding the cause, we need not consider the contention that the sentence should be reduced.

At the beginning of the trial defense counsel requested the exclusion of witnesses from the courtroom under the so-called "Rule." The voir dire proceeded and challenges were made. Shortly after lunch the prosecutor began his opening statement. At that point the court interrupted him, announced that all witnesses should come up to the front of the courtroom, swore those who came, and gave specific instructions for the witnesses to remain outside; the State's witnesses were directed to one location and the defendant's to another. Late in the afternoon and after the State had rested, defense counsel offered three witnesses, all of whom had been in the courtroom during at least some of the preceding testimony. One of these was permitted to testify on the ground that he was somewhat hard of hearing. The other two—Georgia Ahart, a girl of sixteen, and Dean Wilson, a boy of eighteen—were excluded. Both lived at Bolivar, Missouri, and had appeared on subpoena.

Counsel stated to the court that he proposed to adduce testimony from them tending to show that they had seen defendant and the prosecutrix in a prone position in the back seat of a car at a time prior to the offense presently charged.

These witnesses were examined at length concerning the reasons for their nonobservance of the instructions. The girl testified that she heard the court but "didn't know what he said," that she thought the court was talking about "her witnesses" (meaning the State's), and that she did not understand clearly what the court said. The boy testified that he was sitting in the second row from the back of the courtroom and that "you couldn't hear much of anything" back there. The court here interposed the suggestion that although he might not speak very distinctly he was certain he made "enough noise" to be heard in the back of the courtroom. Defense counsel testified that his back was generally turned to the audience, that he was trying the case alone, that he had only seen each of these witnesses one time and then very briefly, that he had instructed the defendant to watch for witnesses and that he had no idea that the witnesses were in the courtroom. The defendant testified that his counsel asked him to watch but that he didn't understand "too good," that he had heard the talk to the witnesses, that he looked at times, but that he did not see any of the witnesses come into the courtroom or sitting there. The court took the position that defendant's counsel, having invoked the rule, should have been on guard for his own witnesses and that neither he nor his client had exercised "due diligence"; also, that the witnesses could and should have heard his instructions. The objections of the State were sustained and these witnesses excluded. We cannot say here that their testimony would have been immaterial. As proposed, it had some bearing on the sole defense.

It has often been said more or less loosely by our courts that the matter of the exclusion or admission of the testimony of a witness who has violated this rule is largely discretionary with the trial court. State v. King, 342 Mo. 975, 119 S.W.2d 277, 285; State v. Scott, Mo., 299 S.W.2d 526, 531; Burnam v. Chicago Great Western R. Co., 340 Mo. 25, 100 S.W.2d 858, 863; State v. Lord, Mo., 286 S.W.2d 737, 741; State v. Fitzsimmons, 30 Mo. 236, 239. In all of the cases just cited the witnesses were permitted to testify. We have found no Missouri case where the exclusion of the testimony of such a witness has been held proper under circumstances approaching those present here, and no case in which the admission of the testimony was held to be reversibly erroneous. In the three cases cited here by the State the witnesses were permitted to testify, and the general rule of discretion was reiterated. They are of little help to us.

The texts indicate that there are three more or less distinct lines of authority on this subject, generally: (1) that the matter rests in the discretion of the trial court, but that there may be such an abuse of discretion as to require a reversal; (2) that the violation of the rule by a witness will not disqualify him, because the party calling him should not be deprived of his testimony, although the witness may be punished for contempt, or his disobedience may be shown on the matter of his credibility; and (3) that if a witness violates the rule without the consent, connivance or procurement of the party or counsel calling him he is not thereby rendered incompetent. 53 Am.Jur., Trial, § 33, p. 48; 9 Ann.Cases, 368, note; Bishop's New Criminal Procedure (2nd Ed. -1913) Vol. 2, § 1191–1193; 23 C.J.S. Criminal Law § 1013, pp. 386, 387. Missouri seems to be classified rather definitely as adhering to the third line of authorities listed above. Thus, we consider our Missouri cases.

Our earliest case is Dyer v. Morris, 4 Mo. 214, where neither the statement nor the ruling are too clear to us; as we understand the body of the opinion (not the

syllabus), the court held the exclusion of a witness to be error, even though the circumstances indicated that the defendant connived with the witness to violate the rule. We do not regard that case as particularly persuasive. Shortly thereafter, in Keith v. Wilson, 6 Mo. 435, 35 Am.Dec. 443 (a case which has been cited many times), Judge Napton wrote that the circumstances controlling the court's discretion were well settled and that the witness might be excluded if the disobedience was by the "consent or procurement of the party"; he said further, 6 Mo. loc.cit. 441–442: "But I have seen no case in which it appeared that the disobedience of the witness was owing to his misapprehension of the object or nature of the order, and where neither the party or his counsel were privy to such disobedience, in which the court has been held warranted in excluding the witness. Indeed, if such an inflexible rule did exist in any of the courts of this country, it might well be questioned whether it would not be sounder policy to sacrifice the practice altogether, rather than endanger more vital principles than can be involved in the blind adhesion to a rule of court, however reasonable and right in ordinary cases.

"A witness cannot deprive a party of the benefit of his testimony by any contumacy of his, if there be no laches, or connivance on the part of the person who has a right to his testimony. * * * If a witness' contumacy be a sufficient ground to warrant the court in excluding him altogether, notwithstanding it appears that it was through no connivance or default of the party to the suit, an unwilling and reluctant witness might by willful and intentional disobedience to the order, at any time deprive the party of the benefit of his testimony." The following cases appear to follow the same principle: O'Bryan v. Allen, 95 Mo. 68, 8 S.W. 225; State v. Fannon, 158 Mo. 149, 59 S.W. 75; State v. Sumpter, 153 Mo. 436, 55 S.W. 76; State v. Compton, 317 Mo. 475, 296 S.W. 137; Brown v. McDaniel, 140 Mo.App. 522, 120 S.W. 642. In O'Bryan, supra [95 Mo. 68, 8 S.W. 227], the court said: "Any other rule would put it in the power of a hostile witness to deprive a party of his evidence; and we conclude that the better rule is that it is reversible error to exclude a witness who has disobeyed the order, unless the party or his attorney, calling the witness, has been party or privy to the violation of the order; * * *." In a few of the cases the rather curious reference to "laches" appears. Compton, supra, Keith, supra. This, it seems, could only refer to negligence of party or counsel. We do not hold that negligence of party or counsel may never be a ground for exclusion; it might be so exaggerated as to be practically indistinguishable from actual connivance. There was no such negligence here as justified the exclusion under what we conceive the rule to be. Several cases state that defendant or his counsel must be a "party" or "privy" to the violation or that there must be "connivance," before exclusion of the witness is justified. Fannon, supra; Sumpter, supra; O'Bryan, supra. In Brown v. McDaniel, 140 Mo.App. 522, 120 S.W. 642, that court specifically held that negligence of counsel was insufficient to justify exclusion. We shall pass that point until we have a more appropriate vehicle for its decision. The definite trend of the Missouri decisions in the past has been to require connivance or collusion of party or counsel, or that one of them should be "privy" to the violation. Under these authorities we hold that the trial court abused its discretion in excluding the testimony of these two witnesses.

With considerable reluctance we reverse this judgment and remand the cause for retrial. It is so ordered.

All concur.