**STATE of Missouri, Respondent,**

v.

**David Hollis FORTUNE, Appellant.**

**No. 41473.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1980.

**452**

Julian D. Cosentino, Asst. Circuit Atty., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul M. Spinden, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Defendant appeals his conviction for first degree robbery. During the trial he sought to introduce evidence that a state's witness had been coached by another witness who had previously testified regarding a discrepancy in a police report. The trial court denied defendant's offer of evidence based on the fact that his witness had violated the exclusion of witnesses rule. It is on the denial of that testimony that defendant couches his appeal. We affirm.

Defendant was positively identified by the victim as the armed robber of a St. Louis food store. During trial, police officer Ralph McNail was challenged as to the accuracy of the police report. McNail, as the arresting officer, had testified that when defendant and his accomplice were initially confronted that they had not revealed their true identity. However, the police report failed to indicate a false identity for the defendant. Police officer Ron Marshall followed McNail on the witness stand. Defendant's counsel sought to discredit Marshall by contending that before taking the stand he had conversed with McNail. Marshall disavowed any substantial conversation—only that a greeting had passed between the two before he testified. To establish that more than just a salutation had been expressed by the two officers between their tours of testimony, defendant's counsel called an employee of the public defender's office—James Orr—who testified out of the jury's hearing that he had seen the two officers talking in the courthouse hallway; he did not hear any of their conversation. The state's objection to Mr. Orr's testifying before the jury was sustained. Defendant's attorney then sought to elicit testimony from another witness—Ms. Ballentine—who had been present in the courtroom when Mr. Orr testified and who also offered to relate the conversation between officers McNail and Marshall. Her testimony was excluded as she had been in the courtroom during the course of Mr. Orr's testimony and while the exclusion of witnesses rule was in effect. It is on this ruling that defendant lodges his appeal.

▪ The admission of Ms. Ballentine's testimony as rebuttal evidence that the police officers had exchanged more than a greeting between their time of testimony was a matter resting within the substantial discretion of the trial court. *State v. Huff*, 454 S.W.2d 920, 923 (Mo.1970); *State v. May*, 587 S.W.2d 331, 336 (Mo.App.1979). The issue regarding the police report is manifestly collateral to the issues in the case concerning defendant's guilt and proof

against him. There was no abuse of discretion by the trial court in refusing the rebuttal testimony, as the defendant was not prejudiced by that action. *State v. May*, 587 S.W.2d at 337.

As to the application of the exclusion of witnesses rule, generally it should not be applied to deprive a party of a witness' testimony unless the witness had violated the rule with the "consent, connivance or procurement" of the party for whom called. *State v. Shay*, 339 S.W.2d 799, 801 (Mo. 1960). But having determined that there was no abuse of discretion in disallowing the rebuttal testimony directed solely to a collateral matter, we need not consider the application of the *Shay* rule. *See State v. Neria*, 526 S.W.2d 396, 399 (Mo.App.1975).

Judgment affirmed.

DOWD, P. J., and REINHARD, and CRIST, JJ., concur.