**Barbara COZAD, Plaintiff-Appellant,**

v.

**CRANE SCHOOL DISTRICT R–3,
Defendant-Respondent.**

No. 14374.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 4, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 26, 1986.

Application to Transfer Denied
Oct. 14, 1986.

B.H. Clampett, William A.R. Dalton, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for plaintiff-appellant.

Robert S. Wiley, Crane, for defendant-respondent.

GARY A. FENNER, Special Judge.

Barbara Cozad, hereinafter referred to as Mrs. Cozad, appeals from the Order of Judge William H. Pinnell upholding the decision of the Board of Education of the Crane School District R–3, hereinafter referred to as the School Board, terminating her indefinite contract as a permanent teacher with said school district.

Mrs. Cozad taught sixth grade at the Crane Elementary School. She had been employed as a teacher at the Crane Elementary School for thirteen years. She was a permanent teacher as defined in § 168.104(4), RSMo Supp. 1984.

On March 26, 1984, the superintendent of the Crane School District R–3 submitted to Mrs. Cozad a thirty day warning letter pursuant to the provisions of § 168.116, RSMo 1978, regarding the termination of a permanent teacher. Between March 26, 1984 and May 31, 1984, Mrs. Cozad, the superintendent of the Crane School District R–3 and the elementary principal of Crane Elementary School met and conferred in an effort to resolve their differences, but the meeting was not successful.

On May 31, 1984, the School Board passed a resolution that notice of written charges of incompetency and inefficiency be given to Mrs. Cozad pursuant to § 168.-116, RSMo 1978. Written charges dated June 4, 1984, were served on Mrs. Cozad. Accompanying the charges was a notice of hearing on the charges stating that a hearing would be held on June 26, 1984. The hearing was continued from June 26 to July 12, 1984, at the request of Mrs. Cozad. The hearing commenced on July 12, 1984, and not being completed, was adjourned and continued by agreement of the parties to July 23, 1984, on which date the hearing resumed and continued to completion. On August 6, 1984, the School Board rendered its decision terminating the indefinite contract of Mrs. Cozad as a permanent teacher.

Mrs. Cozad timely filed a notice of appeal from the decision of the School Board with the Circuit Court of Stone County pursuant to § 168.120, RSMo 1978. The Circuit Court reviewed the proceedings before the School Board as provided in Chapter 536, RSMo 1978 and § 168.116, RSMo 1978. The Circuit Court upheld the decision of the School Board terminating the teaching contract of Mrs. Cozad.

On appeal Mrs. Cozad first contends that the decision of the School Board terminat-

ing her indefinite contract violated § 168.-116, RSMo 1978, in that the written warning letter of March 26, 1984, did not state specifically the cause for the charges against her.

The warning letter of March 26, 1984, was as follows:

WARNING TO TEACHER PURSUANT
TO R.S.MO. 168.116

TO: Barbara Cozad
    Teacher, 6th Grade
    Crane School District R–3

March 26, 1984

FROM: Dr. Calvin Baker
    Superintendent
    Crane School District R–3

Pursuant to the provisions of the Revised Statutes of the State of Missouri, sections 168.114 and 168.116, you are hereby given warning in writing that unless the causes referred to herein are not removed within 30 days from this date, charges of incompetency and inefficiency in line of duty may be filed against you for the purpose of termination of your indefinite contract with Crane School District R–3 as a permanent teacher. The specific causes to be removed are incompetency and inefficiency in line of duty, more particularly set forth as follows:

1. Failure to discharge your duties as a prudent and alert supervisor during excursions with students that take them beyond the school premises;

2. Failure to show energy and vitality when working with students;

3. Failure to maintain a positive working relationship with parents;

4. Failure to take college course work in the field of education either toward a higher degree or for additional certification for more than 12 years;

5. Failure to maintain a friendly and wholesome relationship with your students;

6. Failing to treat students fairly and to criticize students constructively;

7. Failure to clearly define the rules for student conduct as outlined in the Student Handbook;

8. Failure to discharge your duties as a prudent and alert supervisor of students during recess;

9. Failure to handle minor discipline problems;

10. Failure to move away from the desk during class and failure to make yourself adequately heard and seen by students while teaching;

In making the decision to issue this warning, consideration has been given to regular and special evaluation reports prepared in accordance with the policy of Crane School District R–3 and to written standards of performance adopted by the school board. In order to assist you in understanding the nature of the charges and to make efforts to improve your performance, the following particulars concerning your performance are noted:

A. You rarely move from your chair and desk while teaching. This shows a lack of energy and vitality and makes it difficult for you to be seen and heard at all times by students.

B. You have failed to handle minor discipline problems, casting an unnecessary burden on your principals. You have failed to adequately mediate and intervene in disputes between students, sometimes resulting in other teachers having to take upon themselves this duty of yours. During this school year, more than 26 minor discipline problems have been referred by you to the principal, and all of these are considered as problems which should have been resolved by the teacher without intervention of the principal. You send children to the principal's office rather than bringing them, necessitating the principal going to your classroom to determine the nature of the problem.

C. You fail to treat students as individual and diverse personalities and fail to give adequate special assistance and attention to students in special cases, thus resulting in an unnecessary burden

on other teachers in L.D., E.M.H. and remedial reading.

D. On the student trip to the Truman Library at Independence, you had no rules to govern the conduct of your students, and you supported your students in their disregard for the directives of other teachers. You failed to correct misbehavior of your students on the bus.

E. You have failed to render fair and firm discipline to students during P.E. class and have failed to keep proper order among students at the lunch room.

F. You have failed to properly discipline inattentive students or to demand their attention to a guest lecturer.

G. You have failed to cooperate in the recommendation of your principal for a transfer to remedial reading instruction from the sixth grade classroom.

H. You have failed to bring your overall teaching evaluation above the average level. The sixth grade is an important learning and development stage for children, and more than average performance is needed.

I. You have failed to maintain rapport with parents and students. Many parents have requested that their children be transferred from your classroom.

J. You have shown an indifference to the feelings of students with problems.

I will meet and confer with you in an effort to resolve this matter.

/s/ Calvin Baker
Dr. Calvin Baker
Superintendent
Crane School District R–3

■ The warning letter of March 26, 1984, meets the requirements of § 168.116, RSMo 1978, in regard to specificity. *Rainwater v. Board of Education of Greenville R–2 School District of Wayne County*, 645 S.W.2d 172 (Mo.App.1982); *Rafael v. Meramec Valley R–III Board of Education*, 569 S.W.2d 309 (Mo.App.1978). The warning letter given to Mrs. Cozad on March 26, 1984, gave her the opportunity to know exactly what the complaints against her were and afforded her the chance to cure

the situation. *Blue Springs Reorganized School District IV v. Landuyt*, 499 S.W.2d 33 (Mo.App.1973).

The second point raised by Mrs. Cozad on appeal is that the decision of the School Board terminating her indefinite contract violated § 168.116, RSMo 1978. The pertinent portion of § 168.116 in relation to this point reads as follows:

"2. At least thirty days before service of notice of charges of incompetency, inefficiency, or insubordination in line of duty, the teacher shall be given by the school board or the superintendent of schools warning in writing, stating specifically the causes which, if not removed, may result in charges ..."

Mrs. Cozad takes the position that the written charges served June 4, 1984, were not served within a reasonable time after the expiration of the 30–day warning period as established by the warning letter of March 26, 1984.

The next regular meeting of the School Board after the warning letter was delivered to Mrs. Cozad was on May 14, 1984. At the May 14, 1984, School Board meeting the board asked the superintendent and principal to confer once more with Mrs. Cozad. Subsequent thereto at a special board meeting on May 31, 1984, the School Board authorized charges to be filed against Mrs. Cozad. Charges were filed against Mrs. Cozad on June 4, 1984.

■ A school board in its discretion may enlarge but not reduce the 30–day period required between the warning notice and charges against a teacher as set forth in § 168.116.2. *Rafael v. Meramec Valley R–III Board of Education, supra*. The School Board did not abuse its discretion by waiting to file charges against Mrs. Cozad. The School Board attempted to resolve the differences of the parties and acted to Mrs. Cozad's benefit in specifically directing that the superintendent and principal confer with Mrs. Cozad once more. Only 69 days elapsed between March 26, 1984, the date of the warning letter and June 4, 1984, the date the charges were served on Mrs.

Cozad. This is not an unreasonable period of time and does not violate § 168.116.2, which merely requires a *minimum* of 30 days notice.

■ For her third point on appeal Mrs. Cozad takes the position that before the warning letter was issued to her the School Board had in effect already made the decision to terminate her indefinite teaching contract. This position is not supported by the record. The record in this case does reflect that at a meeting of the School Board on March 15, 1984, 11 days before the warning letter of March 26, 1984, a motion to renew Mrs. Cozad's teaching contract died for lack of a second. This vote was merely an expression of the School Board's dissatisfaction with Mrs. Cozad and this vote did not have the effect of terminating her teaching contract. The fact that a warning letter was sent to Mrs. Cozad indicates that, as one would expect, the School Board considered her situation prior to initiating the process whereby charges were ultimately brought against her. This does not deny Mrs. Cozad any right under the law. *Harrisburg R–VIII School District v. O'Brian*, 540 S.W.2d 945, 950 (Mo.App.1976). There is nothing in the record of this case to indicate that the School Board made an irrevocable decision to terminate Mrs. Cozad prior to June 4, 1984.

In her fourth point herein Mrs. Cozad contends that the decision of the School Board to terminate her indefinite teaching contract is not supported by competent and substantial evidence upon the record as a whole. This point is interrelated to her fifth and final point on appeal. In her final point Mrs. Cozad contends that even if the decision of the School Board is supported by competent and substantial evidence it should be set aside in that the principal at Mrs. Cozad's school, Crane Elementary School, gave testimony in violation of the rule excluding witnesses which so prejudiced the School Board and the Circuit Court on appeal from the decision of the School Board, that this cause should be remanded for rehearing.

As previously noted, the hearing before the School Board began on July 12, 1984, and not being completed on that day was adjourned and continued by agreement of the parties to July 23, 1984. At the hearing on July 12, 1984, the School Board elected to invoke the rule excluding witnesses from the hearing. After the hearing on July 12, 1984, and before the conclusion of testimony on July 23, 1984, the principal of Crane Elementary School, Mrs. Shirley Weatherly, pursuant to the request of counsel for the School Board, read a copy of the transcript of the July 12, 1984, hearing. At the hearing on July 23, 1984, the board received the testimony of Mrs. Weatherly and considered her testimony in rendering its decision over the objection of Mrs. Cozad's counsel. The Circuit Court in its opinion found that, although the action of counsel for the School Board in requesting that Mrs. Weatherly read the transcript of the July 12, 1984, hearing was not deliberate or intended to be a willful violation of the rule excluding witnesses, nevertheless, since the rule had been invoked it had been violated and the Circuit Court was required to disregard the testimony of Mrs. Weatherly.

It is not at issue in this case whether or not the rules of evidence were applicable in the hearing before the School Board. This cause relates only to the fact that the School Board itself chose to enforce the particular rule excluding witnesses from the hearing. Therefore, the treatment of the rule excluding witnesses under the law becomes a matter to be decided.

It is well established that a court may order witnesses excluded from a hearing so that they cannot hear the testimony of other witnesses. The enforcement of the rule for exclusion of witnesses, as well as the decision whether to exclude the testimony of a witness who has violated the rule, has been held to rest within the sound discretion of the court. *Burnham v. Chicago Great Western R. Co.*, 340 Mo. 25, 100 S.W.2d 858, 863 (1936); *State v. Lord*, 286 S.W.2d 737, 741 (Mo.1956). It has also been held that if a witness violates the rule

without the consent, connivance or procurement of the party or counsel calling him it is an abuse of the court's discretion to exclude the testimony of the witness. The rationale being that to rule otherwise would allow a hostile witness to deprive a party of their testimony. *State v. Shay,* 339 S.W.2d 799 (Mo.1960).

In the case at hand we are faced with a situation somewhat the reverse of that which presented itself in *State v. Shay,* supra. In *Shay,* the trial court excluded witnesses who had violated the rule while in this case the witness who violated the rule was allowed to testify. As stated above, the court in *Shay* held that it was an abuse of discretion to exclude a witness for violating the rule when the violation was without the consent, connivance or procurement of the party or counsel calling the witness. The opinion in *Shay* does not alter the fact that the decision to receive and consider testimony of a witness who has violated the rule rests within the sound discretion of the trier of fact.

 The School Board was in a position to determine what, if any prejudice, would result to Mrs. Cozad by receiving the testimony of Mrs. Weatherly, the excluded witness, after she had read the transcript of the first day of the hearing. The record does not reflect that Mrs. Weatherly structured her testimony upon that given in the transcript that she read. The School Board did not abuse its discretion in receiving and considering Mrs. Weatherly's testimony and therefore it was not necessary for the Circuit Court to disregard her testimony.

In determining whether the record as a whole supports the decision of the School Board in terminating the indefinite teaching contract of Mrs. Cozad, the evidence and all reasonable inferences deductible therefrom must be considered in the light most favorable to the board's decision. *Kimble v. Worth County R III Bd. of Educ.,* 669 S.W.2d 949, 952 (Mo.App. 1984). Applying this principle, which controls judicial review of administrative hearings, to the present case the decision of the School Board in terminating Mrs. Cozad's indefinite teaching contract must be upheld.

The judgment is affirmed.

PREWITT, C.J., MAUS and CROW, JJ., and FRANK CONLEY, Special Judge, concur.