**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Darrell GIBSON, Defendant–Appellant.**

**No. 53812.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 4, 1988.

Application to Transfer Denied
Dec. 13, 1988.

C. John Pleban, Greenberg & Pleban, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Darrell Gibson, appeals after he was convicted by a jury of two counts of sexual assault in the first degree, Section 566.040 RSMo 1986, eight counts of deviate sexual assault in the first degree, Section 566.070 RSMo 1986, one count of sexual assault in the second degree, Section 566.-050 RSMo 1986, and one count of deviate sexual assault in the second degree, Section 566.080 RSMo 1986. The court followed the recommendation of the jury and sentenced defendant to three two-year sen-tences, nine one-year sentences, and fines totaling $1,500. Several of the sentences run concurrently for a total term of imprisonment of eight years.

The jury found that defendant sexually assaulted his stepdaughter, the daughter of his wife by a former marriage. The stepdaughter, the complaining witness, was born on March 12, 1970. Two counts of the amended information alleged crimes which occurred on November 14, 1985; eight counts alleged crimes which occurred between April 1, 1985 and March 11, 1986; and, two counts alleged crimes which occurred between June 1, 1986 and September 1, 1986. The complaining witness was the only occurrence witness to the sexual assaults. Accordingly, her credibility was the central issue in the trial. We consider one decisive claim of error involving exclusion of a witness whose only evidence would have been testimony that the complaining witness told her that her complaints were false.

Defendant argues the trial court erred when it excluded the testimony of M.G., defendant's daughter and half sister of the complaining witness. M.G. was two years younger than the complaining witness. The court excluded this testimony because the witness in question violated a sequestration order when she sat in the courtroom and heard some of defendant's testimony. The trial court had ordered the sequestration of witnesses during pre-trial motions in response to the state's request to "invoke the rule." The state endorsed M.G. as a witness. Defendant, by adoption, also had endorsed M.G. as a witness.

The trial began on July 21, 1987. The state concluded its evidence on July 22, 1987. The defendant called two witnesses who completed their testimony on July 22, 1987. The next day the defendant called five witnesses who completed their testimony during the morning of July 23, 1987. Defendant began his testimony before the noon recess. Immediately after the recess the state made an oral motion to prohibit defendant from calling M.G. as a witness. In a technical sense the motion was premature because defendant was still in the

process of testifying and defendant had not called M.G. as a witness. Before the trial began counsel for defendant told the court, with respect to the testimony of M.G., "I was under the impression that he [the prosecutor] was going to call [M.G.]. If he doesn't call her, I certainly intend to call her." The prosecutor, in support of his motion, stated that a few moments before he had been informed that M.G. had been in the courtroom before the noon recess and during defendant's testimony. The prosecutor told the court that allowing M.G. to testify after violation of the rule of sequestration would be prejudicial and improper. Defense counsel questioned how the state might be prejudiced and informed the court that he had not decided whether or not to call M.G. as a witness. The state did not respond and never explained how the violation of the exclusion order could or would be prejudicial. The court then announced, "[y]ou are not going to call her. The motion is sustained." Defense counsel then made a formal offer of proof as follows:

> [Defense Counsel]: I might make another record. During the course of the state's case, particularly when we have been upstairs here, the State's witnesses have been seated right outside the door. I believe that it's very easy to hear all of the testimony that is occurring from right outside the door. Not withstanding that, if called to testify M.G. would testify that [the complaining witness] told her that she is not telling the truth with respect to the accusations that pertain to this defendant."

The court did not conduct a hearing to consider the allegation that witnesses were able to hear the proceedings in the courtroom from outside of the courtroom and therefore the asserted violation did not change anything or create a problem. This would bear on the issue of prejudice if M.G. did, in fact, enter the courtroom during the testimony of defendant but could have heard the testimony from just outside the courtroom. The offer of proof on this point was not refuted in the record. Further, there was no hearing to determine whether any testimony given by the de-

fendant could have a bearing on the nature of the testimony of M.G. Finally, there was no hearing to consider evidence from which the court could find that the defendant or defendant's counsel were aware that M.G. was in the courtroom, if she was, or that defendant or defendant's counsel in any manner were responsible for her appearance. During the argument on defendant's motion for new trial the court indicated it's belief that M.G. was "brought in" by defendant or his counsel. However, the court stated this "belief" was irrelevant because it excluded the testimony solely because M.G. heard some of defendant's testimony and was of impressionable age.

Defendant's offer of proof demonstrated that M.G. was a crucial defense witness. It also indicated that her testimony involved a single incident which did not include defendant and was not and could not have been the subject of defendant's testimony, a private conversation with the complaining witness. It asserted that M.G. would have testified that her half sister confessed to her that the charges made against defendant were false. This contradicted and challenged the credibility of the only occurrence witness.

■ As a general rule, a court should encourage, not discourage, the introduction of relevant factual data. A criminal trial is a search for truth, and this search can be distorted when relevant information is withheld. No limitation should be put on the admissibility of relevant evidence "unless it is clearly demanded by some specific important extrinsic policy." 8 Wigmore, Evidence, Section 2175 (McNaughton rev. 1961).

> It is well established that a court may order witnesses excluded from a hearing so that they cannot hear the testimony of other witnesses. The enforcement of the rule for exclusion of witnesses, as well as the decision whether to exclude the testimony of a witness who has violated the rule, has been held to rest within the sound discretion of the court. [Citations omitted.] It has also been held that if a witness violates the rule without the consent, connivance or procurement of the

party or counsel calling him it is an abuse of the court's discretion to exclude the testimony of the witness. The rationale being that to rule otherwise would allow a hostile witness to deprive a party of their testimony. *State v. Shay,* 339 S.W.2d 799 (Mo.1960).

*Cozad v. Crane School Dist. R–3,* 716 S.W. 2d 408, 412–413 (Mo.App.1986) *See, State v. Lord,* 286 S.W.2d 737, 741 (Mo.1956).

The scope of the court's discretion to exclude the testimony of a witness has been considered in numerous cases. Most of these cases involved a defendant who appealed after a trial court *refused to exclude* the testimony of a state's witness, and usually deference was given to the discretionary power of the trial court. *See, State v. Lord,* 286 S.W.2d 737, 741 (Mo. 1956); *State v. Lantigua,* 652 S.W.2d 177, 178–179 (Mo.App.1983); *State v. Bynum,* 508 S.W.2d 216, 218–219 (Mo.App.1974). However, exclusion of testimony of a witness for the defense as in the instant case, presents significant constitutional complications. Such an exclusion may violate a defendant's rights under the 6th and 14th Amendments to the United States Constitution and Article I, Section 18(a) and Article I, Section 10 of the Constitution of the State of Missouri. Defendant argues that it had that effect. We approach this issue in a case where there is no evidence defendant waived such rights by any misconduct. The trial court expressly took the position that it did not exclude the witness because of misconduct on the part of defendant.

The Supreme Court of the United States has held that a state statute, which precluded persons charged as principals, accomplices, or accessories in the same crime from testifying on behalf of a defendant, violated the 6th Amendment to the United States Constitution. *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). *Brooks v. Tennessee,* 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972), held that a Tennessee statute which required a defendant to testify before any defense witness, or be foreclosed from testifying at all, violated the defendant's 14th Amendment right to due process. The court regarded the Tennessee rule as "an infringe-ment on the defendant's right of due process" and ruled that the state interest in preventing testimonial influence must fail when it conflicts with the 14th Amendment. *Id.* at 612–613, 92 S.Ct. at 1895–1896.

The Supreme Court of Missouri held that refusal to permit a defendant's alibi witness to testify was fundamentally unfair and constituted prejudicial error in *State v. Mansfield,* 637 S.W.2d 699, 703–704 (Mo. banc 1982). *Mansfield* stated that the remedy of disallowing an alibi witness for the defendant "essentially deprives the defendant of his right to call witnesses in his defense." *Id.* at 703.

*State v. Shay,* 339 S.W.2d 799 (Mo.1960), involved two defense witnesses who the trial court precluded from testifying for violating a witness sequestration order. The court stated that "[t]he definite trend of the Missouri decisions in the past has been to require connivance or collusion of party or counsel, or that one of them should be 'privy' to the violation." *Id.* at 802. The *Shay* court ruled that the trial court had abused its discretion by excluding the testimony of the two defense witnesses. *Id.*

There was no evidence in the present case that defendant or his counsel were "privy" to the witness' disobedience of the sequestration order, if it occurred. The prosecutor did not witness any violation. Nor did the court or defense counsel. The entire event occurred on the statement by some unidentified person that a violation occurred. The trial court stated during the proceedings held on a motion for new trial that:

> My *speculation* is that she didn't come in on her own after being told by the court not to come in, and after seeing all the other witnesses who were told not coming in. I think someone brought her in, but that is *not the basis of my ruling* on that question. [Emphasis ours].

Sequestration of witnesses is not the subject of a Supreme Court Rule. It is a "rule" recognized in case law. Sequestration of witnesses is a valuable tool "in eliciting the truth, but disqualification of

the offending witness absent particular circumstances is too harsh a penalty on the innocent litigant." *U.S. v. Schaefer,* 299 F.2d 625, 631 (7th Cir.1962) *cert. denied,* 370 U.S. 917, 82 S.Ct. 1553, 8 L.Ed.2d 497 (1962).

The trial court expressly acknowledged its ruling was a drastic remedy. The court had a less drastic alternative available in the event facts were developed to support a finding that defendant was not at fault. It could have instructed the jury that the witness violated the sequestration order and that her testimony may have been influenced by her presence in the courtroom during the appellant's testimony. We have not found any case holding a court properly excluded a witness in the absence of some evidence the party seeking the testimony, or his counsel, was privy to disobedience of the exclusion order. *See, State v. Shay,* 339 S.W.2d at 801. Nor have we seen any authority supporting exclusion where no actual prejudice to the moving party has been shown. In the present case the facts suggest the possibility of prejudice is tenuous. Nothing asked or answered in defendant's testimony involved the evidence the excluded witness may have given. The cases require a finding of fault and there should be a factual basis for the finding. Only then is the assertion of prejudice relevant in view of the constitutional rights guaranteed defendant in a criminal case.

Our Supreme Court has said that errors committed in the context of a criminal trial are presumed to be prejudicial, but that presumption is not conclusive and may be overcome by the facts and circumstances of the particular case. *State v. Walker,* 484 S.W.2d 284, 286 (Mo.1972). Appellant's counsel contended, during proceedings on a motion for a new trial, "I believe it [the excluded testimony] would have impacted on the jury's decision in this case." Defendant asserted that the excluded witness would have testified that the complainant confessed to her that no sexual assaults had actually occurred. This testimony would have *tested* the complainant's credibility which was the core of the case. The state's case depended entirely on the credibility of the complaining witness. "That the jury might still have returned a guilty verdict is beside the point; judgment of the credibility of witnesses is for the trier of fact." *Braswell v. Wainwright,* 463 F.2d 1148, 1156 (5th Cir.1972).

■ The court erred in excluding the testimony of M.G. solely on the stated basis, especially where the excluded evidence was not evidence to support what she might have heard improperly. Her testimony would not have related directly to anything she may have heard. It related only to the testimony of M.G. This circumstance alone is important when considering defendant's constitutional rights measured against a bare assertion of prejudice.

Defendant's other claims of error need not reappear on retrial. Accordingly, it is unnecessary for us to consider and decide issues relating to exclusion of late endorsed witnesses, other evidence of sexual conduct on the part of the complaining witness in relation to the rape shield statute, Section 491.015 RSMo 1986, evidence of events which occurred many years before the charged crimes, and, claims of instruction error. However, defendant does claim that the court erred in failing to grant a motion for judgment of acquittal at the close of the entire case because the evidence was insufficient to establish that defendant performed any act which constitutes a charged crime. We find that the testimony of the complaining witness, if believed by the jury, was sufficient direct evidence to support a conviction on the crimes charged. An extended opinion on this issue would serve no purpose.

We reverse and remand.

SMITH and KELLY, JJ., concur.