**Stephen L. PADBERG, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54843.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1989.

Gary L. Robbins, Public Defender, Barbara J. Martin, Asst. Public Defender, Jackson, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted of second degree murder for the death of his ten-week-old son. He was sentenced to twenty years' imprisonment. The conviction was affirmed in *State v. Padberg,* 723 S.W.2d 43 (Mo.App.1986).

On appeal, movant asserts the trial court erred in dismissing his motion without an evidentiary hearing because the motion set forth sufficient facts to show ineffective assistance of counsel. We will discuss each of movant's allegations in turn.

■ Movant first alleges his counsel was ineffective for failing to object when the State called two witnesses to testify who were inside the courtroom during previous testimony in violation of the court's order excluding witnesses.

The record reflects the court had ordered the exclusion of witnesses from the courtroom. However, the decision of whether to permit a witness to testify who has violated an order of exclusion is within the discretion of the trial court. *State v. Pollock,* 735 S.W.2d 179, 183 (Mo.App.1987). Although defense counsel did not object to the witnesses testifying, the issue was raised and considered by the trial judge. The judge found the State had no knowledge the witnesses were violating the order and allowed the testimony. *See State v. Fortune,* 607 S.W.2d 451, 453[3] (Mo.App. 1980) (exclusion of witnesses order should not be applied to deprive a party of a witness' testimony unless the violation occurred with the "consent, connivance or procurement" of the party for whom the witness was called).

The motion is barren of facts stating how movant was prejudiced by defense counsel's failure to object in this instance. "A mere failure to object to testimony does not establish that trial counsel was ineffective. The failure to object must go beyond mere error or mistake in trial strategy or judgment and must be of a character to result in substantial deprivation of [movant's] right to a fair trial." *Brewster v. State,* 577 S.W.2d 911, 914[4] (Mo.App.1979). Movant's allegation is, therefore, insufficient to entitle him to an evidentiary hearing.

■ Movant next states he was entitled to an evidentiary hearing because he alleged his attorney failed to call a psychiatrist who had treated movant subsequent to his arrest. He alleged the psychiatrist "could have testified that movant did not have the personality traits of a person likely to commit this type of crime." Movant failed to allege his attorney had knowledge of this witness or the witness was available to testify at his trial; therefore, his allegation was insufficient to entitle him to an evidentiary hearing. *See Mathenia v. State,* 752 S.W.2d 873, 876[4] (Mo.App. 1988), *cert. denied* —— U.S. ——, 109 S.Ct. 819, 102 L.Ed.2d 809 (1989) (absent recita-

tion of anticipated testimony of alleged defense witnesses and their availability to be called to testify at trial, a charge of ineffective assistance based upon failure to call witnesses does not merit an evidentiary hearing); *see also Franklin v. State,* 655 S.W.2d 561, 566[14] (Mo.App.1983) (if counsel has no notice or scant notice a witness exists, he is not ineffective for failing to call him to testify).

■ Finally movant contends he should have had an evidentiary hearing because his attorney was ineffective for saying the following in his opening statement: "The evidence will demonstrate to you that [the defendant] is the perpetrator of that child abuse." A review of the complete text of defense counsel's opening statement shows this remark to be, at most, a slip of the tongue. It is also possible the court reporter may have mistakenly failed to insert the word "not" in the sentence. In any event, any possible prejudice to movant is refuted by an examination of the transcript which shows that during the opening statement and throughout the trial defense counsel consistently argued movant was not the perpetrator of the child abuse. Because movant failed to allege facts not refuted by the record to show he was prejudiced by this remark, he was not entitled to an evidentiary hearing. *Tettamble v. State,* 641 S.W.2d 446, 447[1] (Mo.App.1982).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.