STATE of Missouri, Respondent,

v.

Glenn L. JERELDS, Appellant.

No. 44455.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 4, 1982.

Motion for Rehearing and/or Transfer
Denied June 18, 1982.

Application to Transfer Denied
Sept. 13, 1982.

Norbert M. Reker, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Priscilla Gunn, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction by a jury of second degree burglary, a violation of § 569.170 RSMo. 1978. The court sentenced him as a persistent offender to a term of ten years with the Department of Corrections. We affirm.

At approximately 10:30 p. m. on August 14, 1980, two police officers were on routine patrol in an unmarked car on Laclede Avenue in the City of St. Louis. At that time, they saw an automobile parked on one side of the street with its lights off move forward, make a U-turn and park on the opposite side of the street. Two young black males, one of them identified as defendant, were observed departing from the automobile. They crossed the street, walked down a gangway and disappeared behind a fence.

The officers parked their patrol car and by the use of binoculars observed the area where the men had last been seen. They heard the sound of glass breaking and soon two young black males emerged from behind the fence, carrying various items of personal property. They walked quickly to the car, placed the property in the trunk and back seat, and reentered the car. Still with its lights off, the car backed slowly up the street, at which time the police intercepted and apprehended them. Defendant was seated on the passenger side of the car. Behind the fence, the officers found the sliding glass door to an apartment at 2913 Laclede broken. The living room was in disarray and dresser drawers on the second floor were opened. The tenant was contacted and identified the property in the car as belonging to her.

Defendant contends there was insufficient evidence to support a conviction for burglary. All of the elements of a burglary case may be established by circumstantial evidence. *State v. Durham*, 367 S.W.2d 619 (Mo.1963), *cert. denied*, 375 U.S. 861, 84 S.Ct. 130, 11 L.Ed.2d 89. When a case is based on circumstantial evidence, the circumstances and the facts must be consistent with each other and with the hypothesis of guilt, be inconsistent with the hypothesis of innocence and point so clearly to guilt to exclude every reasonable hypothesis of innocence. Circumstances need not demonstrate the impossibility of innocence. *State v. Suschank*, 595 S.W.2d 295, 297 (Mo. App.1979). Further, when a state's case is entirely circumstantial as here, all evidence on the whole record tending to support the guilty verdict must be taken as true, contrary evidence disregarded and every reasonable inference tending to support the verdict indulged. *Suschank*, 595 S.W.2d at 297.

We have examined the facts and evidence in this case and based on these enumerated principles find that the verdict is supported by substantial evidence.

In his second point, defendant asserts the trial court erred in overruling his motion for a new trial because the absence of fingerprints made the verdict against the weight of the evidence.

A reviewing court cannot reverse a defendant's conviction because the verdict is against the weight of the evidence. *City of Webster Groves v. Quick*, 323 S.W.2d 386, 392 (Mo.App.1959). The weight of the evidence is for the jury in the first instance, and may be considered by the trial court in ruling on the motion for a new trial, but it is not a matter reviewable by an appellate court. *State v. Morgan*, 453 S.W.2d 932, 934 (Mo.1970); *City of Webster Groves*, 323 S.W.2d at 392.

Affirmed.

SNYDER and CRIST, JJ., concur.