**STATE of Missouri, Plaintiff-Respondent,**

v.

**Nelson GRAYSON, Defendant-Appellant.**

No. 45229.

Missouri Court of Appeals, Eastern District, Division One.

March 6, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied April 4, 1984.

Application to Transfer Denied May 15, 1984.

Raymond A. Bruntrager, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Nelson Grayson was found guilty by a jury of burglary in the second degree. § 569.170 RSMo.1978. He appeals from his conviction and the judgment sentencing him to a term of five years in the Missouri Department of Corrections. The judgment is affirmed.

Appellant briefs three points relied on. He says the trial court erred in: (1) failing to grant appellant's motions for judgment of acquittal filed at the close of the state's case and after all the evidence because the state failed to make a submissible case; (2) failing to grant a mistrial during final argument because the prosecuting attorney made numerous personal attacks on appellant; and (3) admitting into evidence state's Exhibits 5 and 24 because these exhibits constitute proof of other crimes.

The first issue raised by appellant is whether the state made a submissible case. In testing the sufficiency of the evidence to support a criminal conviction, only evidence and reasonable inferences which are favorable to the state will be considered and all evidence and inferences to the contrary will be disregarded. *State v. Bextermueller*, 643 S.W.2d 292, 293[1] (Mo.App.1982).

The evidence adduced by the state to support its charge of second-degree burglary was circumstantial. In order for a submissible case to rest upon purely circumstantial evidence, the circumstances and facts must be consistent with each other and the hypothesis of guilt, be inconsistent with the hypothesis of innocence and point so clearly to guilt so as to exclude every reasonable hypothesis of innocence; however, the circumstances and facts need not prove the impossibility of innocence. *State v. Jerelds*, 637 S.W.2d 80, 81[1] (Mo.App.1982).

At 12:29 p.m. on Sunday, October 12, 1980, police officers Klein and Rulo responded to a burglar alarm at 2115 Locust, the location of Broadway Office Interiors, which is adjacent to a warehouse of the Getz Tire Company. Although the doors to Broadway Office Interiors were secure, the

padlock on a sliding door to the Getz warehouse was open. The sliding door was on the St. Charles Street side of the building which extended from Locust Street north to St. Charles which runs east and west parallel to Locust Street.

When Officers Klein and Rulo entered the building, they saw tires stacked by the door and a man, who later identified himself as Pete Johnson, walking in the building looking at the tires stored in the warehouse. When Mr. Johnson saw the police officers, he turned and ran, but the officers pursued and captured him. A key to the sliding-door padlock was found in Johnson's pocket.

The sliding doors had been locked on the Friday evening prior to the burglary. The tires which the officers saw stacked by the door had been stacked as usual on pallets in another part of the warehouse when the warehouse was locked up on Friday evening. No keys to the warehouse were missing on Monday morning from the tire company office which was in a different location from the warehouse.

The owner of the building testified that a key to the padlock could be obtained easily by taking the number of the padlock to the Accurate Key Service and asking for a replacement key. Thus, the jury could have inferred that Pete Johnson obtained his key, not from the Getz Tire Company, but through the Accurate Key Service.

■ The foregoing recitation of evidence reveals that the state adequately showed a burglary had been committed. Evidence of unauthorized entry into a building in which goods, merchandise, or other valuable things are kept suffices to make a submissible case of second degree burglary. *State v. Cameron*, 604 S.W.2d 653, 662[31] (Mo.App.1980); *State v. Lawrence*, 566 S.W.2d 243, 246–247[6–8] (Mo.App.1978). The question is whether the state adduced sufficient evidence of participation in the burglary by appellant.

Officer Klein testified that five or ten minutes before receiving the burglary report he saw appellant and Pete Johnson in

a green 1969 Dodge van at the intersection of 20th and Locust Street, which is just over two blocks from the scene of the burglary. The license plates on the van, which was driven by appellant, belonged to Mr. Johnson.

Officer Klein discovered that the sliding door to the Getz Tire Company warehouse was insecure because of the manner in which the hasp and the padlock were placed. The padlock, although opened, had been placed through the staple of the hasp. The metal strap of the hasp was placed over the padlock and part of the staple, so that at first glance the door appeared to be locked and secure.

The sliding door could not be opened without first lifting the metal strap from the staple, an act which could not be done from inside the warehouse. Thus, the jury could have inferred that Pete Johnson had an accomplice who would open the door from the outside when they were ready to carry away the tires.

Officer Kolilis saw appellant driving the van the wrong way (east) on St. Charles Street just after Officer Klein had discovered the insecure door which was on St. Charles Street. Appellant then stopped the van on 20th Street between St. Charles and Washington where appellant was seen and identified by Officer Kolilis when appellant looked back toward the scene of the burglary. Shortly after Johnson was arrested, and after appellant was seen on 20th Street near St. Charles, he was apprehended while driving the green van near the intersection of 21st and Delmar, about four blocks from the Getz Tire Company's warehouse.

There was testimony that few vehicles were being driven in the vicinity of the Getz Tire Company warehouse at the time appellant was apprehended because only one business in the commercial district in which the warehouse was situated was open on Sunday afternoons.

The state's evidence shows that appellant was riding with the principal burglar, Pete Johnson, in Johnson's van, immediately before the burglary; that appellant had an

opportunity to participate in the burglary because he was seen driving the van past the scene of the crime the wrong way on a one-way street; that he stopped nearby on 20th Street just north of St. Charles and looked back toward the tampered-with door; that no other persons were seen who could have assisted Johnson in the burglary; and that Johnson needed a cohort to help him carry out the crime by opening the door and helping to load the tires in Johnson's van.

█ The circumstantial evidence was consistent with the hypothesis of guilt and the facts shown by the evidence were not inconsistent with each other. The facts were inconsistent with any reasonable hypothesis of innocence. The evidence and the reasonable inferences drawn therefrom are sufficient to make a submissible case of second degree burglary against appellant. See *State v. Snyder*, 502 S.W.2d 339, 341[1] (Mo.1973).

Appellant cites *State v. Castaldi*, 386 S.W.2d 392 (Mo.1965), and *State v. Dudley*, 617 S.W.2d 637 (Mo.App.1981) as supporting his point on the question of submissibility. It is sufficient to say that evidence in both cited cases was much weaker than the evidence in the case under review. The point is denied.

Appellant next alleges trial court error in the failure of the trial court to grant a mistrial during the state's closing argument. Appellant complains that the prosecuting attorney should not have been permitted to: (1) refer to appellant as a lookout; (2) argue that appellant's status as a police officer rendered it more likely that appellant masterminded the burglary; (3) urge the jury to consider the fact that appellant was a police officer when the jury considered punishment; or (4) comment on the merit of defense counsel's objections. The trial court overruled objections to the first three types of arguments. The court sustained an objection to the fourth argument, but overruled defense counsel's motion for a mistrial.

█ Control of closing argument rests within the broad discretion of the trial court. *State v. Robinson*, 641 S.W.2d 423, 426[3, 4] (Mo. banc 1982). The trial court did not abuse that discretion in overruling objections to the first three types of arguments of which appellant complains. That appellant was driving a van in the vicinity of the burglary and that appellant was a police officer were both facts in evidence.

The prosecuting attorney's remarks regarding the likelihood of appellant's participation in the burglary were reasonable inferences based on these facts. The prosecuting attorney may draw any inference from the evidence which he believes in good faith to be justified. *State v. Armbruster*, 641 S.W.2d 763, 766[4–6] (Mo. 1982).

█ Moreover, it was not unreasonable of the prosecuting attorney to ask the jurors to assess a heavy punishment against appellant because he was a police officer, who of all people should know better than to engage in criminal activity.

█ The fourth type of argument, the comments regarding defense counsel's objections, was arguably impermissible because whether defense counsel makes numerous objections or no objections is not relevant to the question of guilt. Counsel has a right, indeed a duty to object to impermissible testimony or argument in protecting his client's right to a fair trial.

The trial court sustained appellant's objection to this line of argument and instructed the jury to disregard the comment. What this court stated in *State v. Hodges*, 586 S.W.2d 420 (Mo.App.1979) regarding a claim that only a mistrial would cure an improper argument applies with equal force here:

The trial court, however, has broad discretion in deciding whether improper argument necessitates a mistrial. *State v. Morris*, 470 S.W.2d 467, 471 (Mo.1971). Where the objection was sustained, the comment stricken from the record and the jury instructed to disregard it, the trial court may determine that these rem-

edies have overcome the prejudicial effects. *State v. Burnett*, 429 S.W.2d 239, 246 (Mo.1968). The trial court here decided that the prejudicial effect was cured by these measures, that a mistrial was not necessary. Appellant cites no authority to support his claim that the prejudicial effect was not cured by the remedial measures taken. 586 S.W.2d at 427–428[20, 21]. No abuse of discretion has been shown. Appellant's second point is denied.

Appellant's final contention is that the trial court erred in admitting Exhibits 5 and 24 because the exhibits constituted proof of other crimes. The point is denied.

■■■ Neither Exhibit 5 nor Exhibit 24 have been filed with this court. Objections to the admission into evidence of exhibits need not be considered on appeal if the exhibits are not filed in the appellate court. See *Ted W. Greer Const. Co., Inc. v. LaSala*, 642 S.W.2d 379, 381[4] (Mo.App.1982). The claimed error will nonetheless be addressed.

Exhibit 5 was a photograph of the interior of the van. According to the trial court, the picture revealed only the end of a license plate sticking out and did not show that the plate was from Illinois. The trial court's observations directly refute appellant's contention that "the picture clearly showed two Illinois license plates."

Even if the photograph does show Illinois license plates, appellant's contention that the photograph is evidence of another crime must be denied. It is no crime to carry foreign license plates in the interior of a motor vehicle.

■■■ The question thus becomes whether Exhibit 5 was irrelevant. The determination of the relevancy and materiality of evidence rests within the sound discretion of the trial court. *State v. Pickett*, 642 S.W.2d 703, 706[8] (Mo.App.1982); *State v. Rapheld*, 587 S.W.2d 881, 891[18, 19] (Mo.App.1979). The exhibit was admissible simply to assist witnesses in describing the van driven by appellant. There was no abuse of discretion.

Exhibit 24 was a certificate of the Missouri Bureau of Motor Vehicles which showed that the license plate on the van driven by appellant was issued to Pete Johnson for a 1955 GMC truck rather than the van. It is a crime to drive a motor vehicle with license plates issued for another motor vehicle. §§ 301.320, 301.440 RSMo.1978.

■■■ Evidence of other crimes separate and distinct from the crime charged is generally inadmissible. *State v. Shive*, 624 S.W.2d 136, 140[3, 4] (Mo.App.1981). However, the mere fact that evidence incidentally proves defendant guilty of another crime does not make the evidence inadmissible if the evidence reasonably tends to prove a material fact in issue. *State v. Manning*, 634 S.W.2d 504, 505[1–3] (Mo.App.1982).

■■■ Exhibit 24 tends to prove a material fact in issue, namely that appellant and Pete Johnson were associates. The complained of certificate helped to connect appellant with the crime charged by showing he was driving Johnson's van. The evidence that Johnson was a burglar was overwhelming. The certificate helped to show appellant's intent or knowledgable participation in the burglary. The certificate's probative value as evidence outweighed any prejudicial effect. There was no error in admitting Exhibits 5 and 24.

The judgment is affirmed.

KELLY, P.J., and STEWART, J., concur.