**STATE of Missouri, Plaintiff-Respondent,**

v.

**Earl J. MILLER, Defendant-Appellant.**

No. 48543.

Missouri Court of Appeals, Eastern District, Division Four.

May 7, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1985.

Daniel V. O'Brien, St. Louis, for defendant-appellant.

William L. Webster, Leah A. Murray, Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Earl J. Miller was found guilty by a jury of burglary in the second degree, § 569.170 RSMo.1978, and attempted burglary in the second degree, §§ 569.170, 564.011 RSMo. 1978. He appeals from the judgment and sentence imposed: fifteen years imprisonment on the second degree burglary charge concurrent with ten years imprisonment on the charge of attempted burglary in the second degree. The judgment is affirmed.

Appellant argues four points. He charges the trial court erred in: 1) denying his motion for a directed verdict of acquittal; 2) refusing to submit his offered Instruction B on entry to property under a claim of right; 3) submitting Instruction No. 7 MAI–CR2d 2.12 modified as a verdict director for attempted burglary in the second degree; and 4) failing to instruct the jury on trespass in the first degree and attempted trespass in the first degree. The fourth allegation of error must be considered on a plain error basis, Rule 29.-12(b), because appellant did not raise it in the trial court.

This court finds no merit in appellant's assertion that the trial court erred in denying his motion for a directed verdict of acquittal. In ruling on the sufficiency of the evidence to make a submissible case, this court is required to view all facts and reasonable inferences which may be drawn in the light most favorable to the state, disregarding all evidence and inferences to the contrary. *State v. Arnold,* 566 S.W.2d 185, 187 (Mo. banc 1978).

The state's case was based on circumstantial evidence. Therefore, in order to make a submissible case, the facts and circumstances must be consistent with each other and with the hypothesis of defendant's guilt. They must be inconsistent with defendant's innocence and exclude every reasonable hypothesis of innocence, but the circumstances need not be absolutely conclusive of guilt nor demonstrate impossibility of innocence. *State v. Arnold* at 188; *State v. Jerelds,* 637 S.W.2d 80, 81 (Mo. App.1982).

All of the elements of second degree burglary may be proved by circumstantial evidence. *State v. Jerelds, supra.* The burglary occurred at a shopping center called First Capital Plaza in St. Charles. It consists of two one-story structures containing retail stores and an office unit. The two structures face a parking lot which lies between them. Number 207

First Capital Plaza, which along with Number 211 was the scene of the break-in, has an entrance facing Madison Avenue to the north and another facing the parking lot between the two structures.

Two eye witnesses testified that they saw appellant trying to break into the door at 207 Capital Plaza by using a crow bar which was later discovered inside the building. Appellant was not given permission to be inside the building and was apprehended as he was leaving it.

■ Inside the building there was damage to the door which connects No. 207 to No. 211. Pry marks marred the door near its handle. A ceiling tile was missing from the ceiling and was lying on the floor. Up in the ceiling were a walkie-talkie device and gloves. The evidence that appellant knowingly entered the building unlawfully for the purpose of committing the crime of property damage was sufficient to submit to the jury the charge of burglary in the second degree.

There was an entrance inside the building from 207 to 211 First Capital Plaza which consisted of two doors. The 207 door had pry marks around the knob. The 211 door which was four inches from the 207 door had a broken bolt lock. A box which normally blocked the 211 door had been moved. Police found an extra piece of wood trim leaning on the 207 door, and a small penlight flashlight behind one of the doors. Number 207 was vacant but there were objects of value in 211.

■ The elements of an attempt, including attempted burglary in the second degree, are: 1) the intent to commit the crime; 2) an overt act towards its commission; 3) failure of consummation; 4) the apparent possibility of commission. *State v. Olds*, 603 S.W.2d 501, 508 (Mo. banc 1980).

■ Appellant was seen leaving the building in which the damage had occurred. All of his actions were overt acts toward the burglarizing of 211. Only the arrival of the police prevented its consummation. Appellant had a walkie-talkie with which he maintained contact with a confederate in a van outside the building, so it can be inferred that he learned from his confederate of the arrival of the police and stashed his walkie-talkie and gloves in the ceiling of the building near the door between 207 and 211. There was sufficient evidence to submit to the jury the crime of attempted burglary in the second degree.

■ Appellant's second point, in which he asserts the trial court erred in refusing to submit to the jury his offered Instruction B on entry under a claim of right, need not be discussed in any detail. There was no evidence that he had ever believed he had permission to enter the building. In fact he forced his way in using a crow bar. An extended discussion of this point would have no precedential value and it is summarily denied. Rule 30.25(b).

Appellant next challenges the trial court's submission of Instruction No. 7, the verdict director for attempted burglary in the second degree. He argues that the instruction failed to charge and define the object crime and that the admission was prejudicial to the appellant. It was not reversible error to give Instruction No. 7.

Appellant contends the instruction was erroneous because it failed to include an essential element of the crime. He maintains that it failed to include the purpose for which appellant and George Eidson broke the door leading from Room 207 to Room 211. He also argues that the instruction was defective because it omitted any definition of the object crime.

The instruction specifically says that the breaking in was for the purpose of committing burglary in the second degree. This refutes appellant's argument concerning the failure to include an essential element.

He also maintains that the instruction failed to set out the elements of burglary in the second degree and that no separate instruction was given defining that crime. His argument is that the instruction is not in accordance with the Notes on Use under MAI–CR2d 18.02.

342

These notes require a separate instruction defining the object crime when the object crime is not submitted. The object crime was submitted in Instruction No. 5 on burglary in the second degree. The Notes on Use to MAI–CR2d 18.02 say:

> Note 3 ... "If both the completed offense and the attempt crime are submitted, all essential elements of the crime which was the object of the attempt will have been set out in the instruction on the completed crime. In such case the object crime need not be defined in a separate definition instruction."

The completed offense was submitted here on Instruction No. 5 and therefore the trial court complied with the Notes on Use. In determining whether error occurred, all the instructions are read together. *State v. Allbritton*, 660 S.W.2d 322, 328 (Mo.App.1983). The test is whether the instructions as a whole tell the jury what constitutes an attempted burglary. There was no error.

Appellant cites *State v. Pickins*, 660 S.W.2d 705 (Mo.App.1983) as being directly on point. It is not so. In that case there was no burglary in the second degree instruction submitted to the jury. The defendant was charged only with attempted burglary in the second degree and the court reversed and remanded the cause because the instruction did not set out all the elements of the crime. All of the elements of the crime in the case under review were submitted in Instruction No. 5 on Count I of burglary in the second degree. Appellant's point is denied.

Finally, appellant alleges plain error on the part of the trial court because it did not submit an instruction on trespass in the first degree and attempted trespass in the first degree. The evidence of intent to commit a felony once inside the building is strong. It was not a manifest injustice or miscarriage of justice for the trial court not to submit the lesser-included trespass offenses absent a request by counsel. An extended discussion of this point would have no precedential value. It is summarily denied. Rule 30.25(b).

The judgment is affirmed.

SMITH, P.J., and SATZ, J., concur.