STATE of Missouri,
Plaintiff-Respondent,

v.

Joe HARDY, Defendant-Appellant.

No. 52093.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 14, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 13, 1987.

Application to Transfer Denied
Sept. 15, 1987.

**154**

Mary E. Dockery, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Defendant, Joseph Hardy, appeals a conviction for attempt to commit burglary in the second degree in violation of Sections 564.011 and 569.170, RSMo 1986, obtained in the Circuit Court of the City of St. Louis. Defendant was sentenced as a prior and persistent offender to ten (10) years imprisonment.

Defendant raises two points on appeal. First, that there was insufficient evidence to sustain a conviction for attempted burglary in the second degree. Second, that the trial court erred in sustaining the prosecutor's motion in limine and prohibiting appellant from cross-examining Mr. Terry Carlis, about the fact that he had signed an affidavit of non-prosecution and had nonetheless been coerced into testifying for the prosecution. We affirm.

In testing the sufficiency of the evidence in a criminal case, facts and appropriate inferences intelligently drawn therefrom must be assessed in the light most favorable to the state, disregarding all adverse inferences and evidence. *State v. Moseley*, 705 S.W.2d 613 (Mo.App.1986). On appeal, our review is limited to whether there is sufficient evidence from which reasonable persons could have found defendant guilty. *Id.*

The evidence reveals that at approximately 3:54 a.m. on October 14, 1985, Officer John Thomas, of the St. Louis City Police Department, was driving along Dr. Martin Luther King Drive en route to a White Castle restaurant to take his dinner break. As he approached 5010 Dr. Martin Luther King Drive, Officer Thomas observed three persons in an entrance to the building. The three were later identified as defendant, James Kelger and Andrew Steed. Officer Thomas observed the trio attempting to open the front door of the building. As Officer Thomas approached the suspects, he saw defendant drop something to the ground and push it beneath the door with his left foot. When Officer Thomas arrived at the entrance, he observed: (1) a tire iron sticking out from underneath the door; (2) a broken point of a screwdriver lying on the ground; (3) a partially bent hasp on the door; and (4) some wood and paint chips on the ground beneath the hasp on the door. When Officer Thomas inquired as to what they were doing in the doorway, defendant indicated he was attempting to get out of the rain. Officer Thomas testified that it had stopped raining approximately thirty minutes earlier. At trial, Paul John Smith, a criminalist for the St. Louis City Police Department, testified as to tests he had conducted and from those tests it was his opinion that paint chips from the tire iron were similar in nature to paint chips from the door frame around the hasp.

The elements of an attempt, including burglary in the second degree, are: (1) the intent to commit the crime; (2) an overt act towards its commission; (3) failure of consummation; and (4) the apparent possibility of commission. *State v. Miller*, 692 S.W.2d 339 (Mo.App.1985). Defendant contends that the only evidence established is circumstantial evidence and insufficient to establish direct proof of the overt act of prying on the door. This contention is without merit.

All of the elements of the crime of attempted burglary in the second degree may be proven by circumstantial evidence. *Id.* The reasonable and logical inferences

to be drawn from the evidence presented are that defendant used the tire iron to pry the hasp and the door of the building and that it was his intent to commit burglary. We hold that the state made a submissible case on this issue. Defendant's first point is denied.

Defendant's second contention is that the trial court erred in overruling defendant's offer of proof regarding testimony from Mr. Terry Carlis concerning his signing of a non-prosecution form and his desire not to prosecute defendant.

A trial judge's ruling regarding the relevancy, materiality and admissibility of evidence is discretionary and should not be overturned absent a showing that the trial court abused that discretion. *State v. Blair*, 638 S.W.2d 739, 757 (Mo. banc 1982), *cert. denied* 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1030 (1983). Evidence is considered to be relevant if it logically tends to prove or disprove a fact in issue or to corroborate evidence which itself is relevant and bears on the principle issue of the case. *State v. Driscoll*, 711 S.W.2d 512, 516 (Mo. banc 1986).

Mr. Carlis' testimony is not relevant to any matter in this case. The fact that he did not intend to prosecute the defendant does not tend to prove or disprove any of the elements of the crime of attempted burglary in the second degree. Defendant asserts that this testimony was crucial to his defense that he had been framed by the police. Evidence that Mr. Carlis did not desire the state to prosecute and that the state coerced him to cooperate and testify does not show that defendant was framed by the police. Moreover, no other testimony was offered to substantiate defendant's claim. Defendant had an adequate chance to cross-examine the police officers on this issue but did not do so. Further, in defendant's offer of proof there was no indication that this was the purpose for which the testimony was being offered. In an offer of proof the proponent of the evidence must show all facts necessary to establish its admissibility. *Jorgenson v. City of Kansas City*, 725 S.W.2d 98 (Mo. App.1987).

We find no abuse of discretion on the part of the trial court in sustaining the state's motion in limine regarding the testimony of Mr. Carlis. Defendant's point two is denied.

Judgment of the trial court is affirmed.

CRANDALL and KAROHL, JJ., concur.