**STATE of Missouri, Respondent,**

v.

**Jimmy HILL, Appellant.**

**Jimmy HILL, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 57447, 58866.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 27, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 25, 1991.

Application to Transfer Denied
Nov. 19, 1991.

Stephen J. Harris, Columbia, for appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

This case is a consolidated appeal of defendant's conviction of tampering in the first degree, § 569.080 RSMo 1986, and from the denial of his Rule 29.15 motion after an evidentiary hearing. Mo. Const. Art. V, § 3 (1945, amend. 1982); Rule 29.-15(e). The trial court sentenced defendant as a prior and persistent offender to four years imprisonment.

Defendant relies on three points of error. The first point challenges the sufficiency of the state's evidence. The second claims the trial court committed plain error by failing to give a verdict directing instruction which included defendant's claim of right defense. The third contests the trial court's ruling denying defendant the right to call Deputy Sheriff Robert Harvey as a defense witness. We reject points one and two. We agree the court made prejudicial error in disallowing the testimony of Harvey. We reverse and remand for a new trial.

The evidence, viewed in the light most favorable to the verdict, indicates on January 2, 1989, an automobile was stolen in the 1200 block of Oakely Place in the City of St. Louis. On January 5, 1989, a citizen notified the police of the location of the automobile. It was empty and parked on

the street. The police kept the automobile under surveillance until defendant and Reginald Maurice Allen entered the car and drove away. Defendant was driving and in possession of the keys when the police apprehended the men. There was no damage to the steering column, interior, windows or any location which would indicate the men forced their way into the automobile.

The owner of the automobile testified at trial. He identified the keys which defendant possessed as the extra set of keys he hid under the hood.

Defendant testified that Reginald Allen told him the automobile belonged to Allen's uncle. Defendant admitted he was suspicious of Allen's claim. However, defendant examined the automobile and saw no signs of forced entry. He was reassured because Allen possessed the keys. Defendant was cautious because he previously pled guilty to a tampering charge and did not want to get into more trouble. Defendant was on parole.

Defendant testified. He wanted to call Deputy Sheriff Robert Harvey to support a claim of right defense. The court sustained the following objection:

> PROSECUTOR: [T]he testimony which amounts to in the first place hearsay testimony based on what Reginald Allen told this witness is second of all the only reason that it might be offered would be to go to what the defendant believed or did not believe and that it was equivocal enough the witness wasn't sure exactly what he said or whether or not he actually told the defendant that it would be—it's not substantial evidence, it should not be permitted.

Defendant presented an offer of proof. In the offer Harvey testified he was a deputy sheriff with the City of St. Louis for twelve and a half years. Harvey knew defendant for over seven years and Allen for six months. Harvey testified that sometime between January 2 and January 5, 1989, he engaged in a telephone conversation with defendant. Harvey could not remember who placed the telephone call or precisely which day it occurred because Harvey talked to defendant several times

that week. However, Harvey remembered the substance of the conversation. Harvey told defendant that Allen was looking for him in an automobile which belonged to Allen's uncle.

The court sustained the state's objection for the following reason.

> [A]t no time did Sheriff Harvey state specifically that this conversation took place between January 2nd and 5th. Sheriff Harvey also indicated during the testimony that there was several occasions when Reginald Allen came by looking for the defendant. One of those occasions could have occurred between January 2nd and January 5th, but it was not recallable by the witness.

Defendant also called Reginald Allen as a witness. Allen exercised his constitutional right not to testify.

During closing argument, the state emphasized to the jury the only issue before it was who was telling the truth. According to the state, the case turned on the credibility of defendant versus the police officers on whether defendant knew the automobile was stolen or believed it belonged to Allen's incarcerated uncle. After two hours of deliberations, the jury found defendant guilty of tampering in the first degree.

■ In his first point relied upon, defendant contends the evidence upon which he was convicted was insufficient to support a finding he knowingly and willingly operated the automobile without consent. The state's evidence showed defendant was arrested while driving a stolen automobile and the owner did not give defendant permission to do so. Taken together, the jury could logically infer from these facts defendant knew the automobile was stolen. A submissible case was presented to the jury because reasonable men could have found defendant guilty as charged. *State v. Murphy*, 753 S.W.2d 90, 91 (Mo.App.1988).

In his second point relied upon, defendant asserts prejudicial error in the failure of the trial court to follow the notes on use prescribed by MAI–CR 3d 323.22 which require a fourth paragraph to be added to the verdict director when defendant injects evi-

dence supporting a claim of right defense. Defendant did not request an amendment to the verdict directing instruction. We do not decide his claim of plain error. Assuming arguendo the court erred, it is unlikely this error will occur on retrial.

■ Defendant is entitled to a new trial on preserved error because the trial court denied him the right to call Deputy Sheriff Robert Harvey as a defense witness. Harvey's testimony was relevant and material to defendant's defense that he believed in good faith the automobile belonged to Allen's incarcerated uncle, Allen was in rightful possession and he had Allen's permission to operate the automobile. The state contends defendant's offer of proof failed to establish the relevancy and materiality of Harvey's testimony because "there is no indication of when this conversation occurred or what actually transpired during the conversation."

■ "[E]very citizen has a constitutional right to a fair and impartial trial." *State v. Endres*, 698 S.W.2d 591, 595 (Mo.App. 1985). Depriving a defendant of the testimony of a defense witness may violate a defendant's rights under the sixth and fourteenth Amendments to the United States Constitution and Article I, Section 18(a) and Article I, Section 10 of the Constitution of the State of Missouri. *State v. Gibson*, 760 S.W.2d 524, 527 (Mo.App. 1988). We will disturb the court's ruling regarding the relevancy, materiality and admissibility of evidence only upon a showing that the court abused its discretion. *State v. Hardy*, 735 S.W.2d 153, 155 (Mo. App.1987). "The offer of proof must state facts which are specific and sufficient in detail to establish the admissibility of the evidence sought to be introduced." *State v. Clay*, 763 S.W.2d 265, 270 (Mo.App. 1988). "Evidence is considered to be relevant if it logically tends to prove or disprove a fact in issue or to corroborate evidence which itself is relevant and bears upon the principal issue of the case." *Hardy*, 735 S.W.2d at 155.

Harvey's testimony is relevant to the only disputed issue in this case: whether defendant knowingly and willfully operated the automobile without consent. Contrary to the state's contention and the finding of the court, Harvey indicated he engaged in a telephone conversation with defendant between the critical dates January 2 and January 5, 1989.

### DIRECT EXAMINATION

DEFENSE COUNSEL: Now, *on this date of January the 2nd to the 5th of this year of 1989,* at any time during that time did you have a telephone conversation with Jimmy Hill?

HARVEY: *Yes.*

Q. And in that conversation was it a—I believe I said a telephone conversation. Did he call you or did you call him?

A. *That's the part that's kind of cloudy* in my mind but I remember speaking to him about Reginald.

\* \* \* \* \* \*

Q. Okay, Now, let's go to *the* phone conversation you had with [defendant].

A. Okay.

Q. You remember it being something about Reginald in the conversation.

A. Right, right.

Q. Do you remember telling [defendant] that Reginald was driving over to pick him up, that Reginald was driving over to pick [defendant] up, do you remember anything like that?

A. I remember telling [defendant] that *Reginald was looking for him.*

Q. Reginald was looking for him.

A. Right.

Q. On that particular day?

A. I can't remember what particular day.

\* \* \* \* \* \*

A. I can remember telling [defendant] that Reginald was looking for him in a car which belonged to his uncle.

Q. You remember telling him that the car belonged to his uncle?

A. Yeah, this is—

Q. You remember you said that to [defendant]?

A. Yeah.

Q. And that was on the phone?

A. Yeah, that was also something else that was brought up too.

Q. What's that?

A. He had keys to the—the mother supposedly had keys to the apartment building where his uncle stayed and his uncle was incarcerated.

### CROSS–EXAMINATION

PROSECUTOR: Okay. So you can remember that conversation, is that right?

HARVEY: I don't remember it word by word but I remember vaguely some of the conversation, yes.

Q. Okay, Was that *in January* of this year?

A. *Yes,* it was a cold month, year.

Q. All right, You don't remember whether it was in person or on the phone that you talked with Jimmy Hill?

A. It was over the phone.

Q. All right. But you can't quite pinpoint *the day,* is that right?

A. No, no. (Our emphasis).

Although Harvey was unable to remember the exact date of the conversation, he placed it between the day the automobile was stolen and the day defendant was arrested and he was able to relate the substance of it. He said the telephone conversation occurred between January 2 and 5, 1989. Harvey remembered telling defendant that Reginald Allen was in his uncle's automobile looking for defendant.

█ The offered testimony was not hearsay. It was not intended to prove the truth of any statements of Allen to Harvey. Even if Allen's statements to Harvey were untrue, the statement Harvey made to defendant was his own act and relevant to the claim of right defense. Accordingly, the objection was not well taken as a matter of law or fact.

Harvey's testimony, if allowed, would have corroborated defendant's testimony and tended to disprove an element of the crime. Harvey's inability to recall the exact date within the narrow time frame may reflect upon his credibility as a witness but does not make it inadmissible where he said the conversation occurred within the time frame. Credibility is within the providence of the jury. *Gibson,* 760 S.W.2d at 528.

The exclusion of Harvey's testimony requires this court to reverse and remand for a new trial.

AHRENS, J., concurs.

SMITH, P.J., dissents.