**STATE of Missouri, Plaintiff–Respondent,**

v.

**Kenneth MITCHELL, Defendant–Appellant.**

No. 61332.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Feb. 9, 1993.

S. Paige Canfield, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Chief Judge.

Defendant appeals conviction of burglary in the second degree, a violation of § 569.-170 RSMo 1986. We affirm.

The sufficiency of the evidence is not challenged. Accordingly, we state the facts in a light most favorable to the verdict. On May 1, 1991, the Central District Alarm Company became aware of a disturbance at the West Pine Pharmacy, one of its clients. The alarm company notified the police and Flora Hart, a pharmacy employee who lived across the street. Hart then looked out her window where she could see defendant, Kenneth Mitchell, hitting the front door. After dressing, Hart went outside where she saw defendant dive through a hole in the glass in the front door. Hart moved closer and saw defendant moving inside. She also observed an open bottle of liquor and a watch case on the floor.

Hart took police into the pharmacy via an apartment building connected to the pharmacy. A canine officer who was called to the scene released a dog into the store. Defendant was found hiding under a car in a garage attached to the back of the pharmacy building.

In his first point on appeal, defendant contends the trial court erred in allowing testimony of Flora Hart regarding the glass door and of Fred Haeffner, the pharmacy owner, regarding the possible exits from the pharmacy. Defendant claims the testimony of both individuals amounts to personal conclusions which invaded the province of the jury as a fact finder.

■ Although trial courts have wide discretion in admitting opinion testimony, a lay witness must be restricted to statements of fact. *State v. White*, 790 S.W.2d 467, 473 (Mo.App.1990). The testimony complained of in this case falls well within the confines of this rule.

■ Flora Hart testified the front door was made of plexiglass, a material which would resist breaking. Instead, the glass would expand and regain its shape once there was a hole in it. The basis for this testimony was Hart's observation of defendant diving through a hole in the window. Therefore, she was testifying to facts, known through personal observation, not scientific properties as defendant claims. The description of what she saw was relevant, material and probative.

■ Fred Haeffner testified about possible exits to the pharmacy. Again, he was testifying from personal knowledge of the pharmacy. He stated there was only one exit from the back of the pharmacy. He did not, however, express an opinion on how defendant got from the pharmacy to the garage. The facts given by Haeffner supported an inference defendant used the one available exit to move from the pharmacy to the garage where he was found. It rebutted defendant's testimony he was in the garage to avoid the rain and entered directly from the outside. Admission of this testimony was not error. Point denied.

In point two, defendant contends trial court error in threatening to remove counsel if she objected to the questions posed by the prosecutor. We find no merit to this point.

■ The court's ruling with respect to actions of counsel rest largely within a wide discretion accorded the trial court. *State v. Koonce*, 731 S.W.2d 431, 441 (Mo. App.1987). Additionally, the trial court has the authority and obligation to maintain the orderly conduct of the trial. *Id.*

■ The specific problem occurred during re-direct examination of a state witness. Defense counsel made a general objection which the court overruled. The court offered a review of future objections at the bench or permission for a general running objection. Defense counsel rejected the offer. The court referred to removal of counsel for failure to proceed as authorized, not to prevent proper objections on legal grounds. It sought to control "speaking" or "general" objections. We find this procedure did not exceed the court's authority.

This was not the first clash between the attorneys. The court had warned both sides about interruptions bordering on harassment. It sought to control both attorneys. Such actions are within the court's authority which we review for abuse. We find no abuse. Moreover, defendant does not argue and our study dis-

closes no possible prejudice resulting from these events.

Admittedly, counsel has a right and a duty to object to impermissible testimony to protect a client's right to a fair trial. *State v. Grayson*, 668 S.W.2d 153, 157 (Mo. App.1984). However, in this case, the court did not prevent objections. Instead, for the sake of orderly presentation, the court suggested defense counsel make sidebar or a continuing objection. Compliance with this request would not have compromised defendant's rights or the performance of duty by counsel.

Judgment affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.